AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)   ☐ Original   ☐ Duplicate Original

LODGED
CLERK, U.S. DISTRICT COURT
4/16/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___MMC___ DEPUTY

# UNITED STATES DISTRICT COURT
for the
Central District of California

FILED
CLERK, U.S. DISTRICT COURT
4/16/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___bm___ DEPUTY

United States of America

v.

MARTIN MAJIN-LEON,

Defendant

Case No. 2:25-MJ-02251-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, Harvey Nunez, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about the date of April 10, 2025 in the county of Los Angeles in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326a | Illegal Alien Found in the United States Following Deportation |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date: 4/16/2025

City and state: Los Angeles, California

*Complainant's signature*

Harvey Nunez, Special Agent
*Printed name and title*

*Judge's signature*

Hon. Jean Rosenbluth, U.S. Magistrate Judge
*Printed name and title*

SAUSA: Elizabeth Bisland X10319

**AFFIDAVIT**

I, Harvey Nunez, being duly sworn, depose and state as follows:

## I. PURPOSE OF AFFIDAVIT

1. This affidavit is made in support of a criminal complaint and arrest warrant against MARTIN MAJIN-LEON ("defendant"), charging him with violating Title 8, United States Code, Sections 1326(a), Illegal Alien Found in the United States Following Deportation.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show that there is sufficient probable cause for the requested complaint and warrant and does not purport to set forth all my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

## II. BACKGROUND OF AFFIANT

3. I am a United States Border Patrol Agent ("BPA") with the Department of Homeland Security, Customs and Border Protection ("CBP"), United States Border Patrol ("USBP"). I have been employed as a full-time, sworn federal BPA with the USBP since August 6, 2007, and graduated from the USBP Basic Border Patrol Training Academy located in Artesia, New Mexico. The Academy curriculum covered specialized training in the

Immigration and Naturalization Act, criminal law, and statutory authority.

### III. STATEMENT OF PROBABLE CAUSE

4. On April 8, 2025, the El Centro Border Patrol Anti-Smuggling Unit ("ASU") obtained information that defendant was possibly residing in the United States unlawfully.

5. On April 8, 2025, a CBP intelligence research analyst conducted a database check on defendant and determined that defendant had been issued a valid California identification card under the name "Martin Majin-Leon" and resided in Pomona, CA. Additional research revealed a secondary address, also in Pomona, CA.

6. On or about April 10, 2025, a border patrol agent conducted surveillance at both addresses in Pomona, CA and saw a male matching the photos of defendant in ICE database at the second address. Defendant was seen exiting and entering a barbershop and computer repair store, both located at the second address. It appeared that defendant was working at the barbershop and was seen conversing with customers [costumers struck through] and neighboring business employees.

7. Based on my training and experience, I know that a DHS "A-File" are files in which immigration records are maintained for aliens admitted to or found in the United States. DHS A-Files usually contain photographs, fingerprints, court records of conviction, and records relating to deportation or other actions by INS or DHS with respect to the subject alien for whom the files are maintained.

2

8. On or about April 14, 2025, I obtained and reviewed BP computer indices information on DHS A-File A 092-908-299 (the "DHS A-File computer indices"), which are maintained for the subject alien "Martin MAJIN-LEON." The DHS A-File contained the following documents and information:

   a. One executed Notice to Alien Ordered Removed/Departure Verification (I-296), indicating defendant was officially removed from the United States to Mexico on or about June 28, 2003. I know from my training and experience that an Alien Ordered Removed/Departure Verification is executed each time a subject alien is removed and excluded from the United States by USBP, and this form usually contains the subject's photograph, signature, and fingerprint. The executed Notice to Alien Ordered Removed/Departure Verification in defendant's DHS A-File contained his photograph, signature, and fingerprint.

   b. One executed Warrant of Removal/Deportation (I-296), indicating that defendant was officially removed from the United States on or about July 1, 2003. I know from my training and experience that a Warrant of Removal is executed each time a subject alien is removed and excluded from the United States by ICE (and its predecessor agency, INS) and usually contains the subject's photograph, signature, and fingerprint. The executed Warrant of Removal/Deportation in defendant's DHS A-File contained his photograph, signature, and fingerprint.

9. On or about April 15, 2025, I reviewed the printouts of BP computer indices on defendant. Based on my training and experience, I know that the BP computer indices track and

3

document each time an alien is deported or excluded from the United States by ICE, was deported or excluded by the former INS, or is granted permission to enter or re-enter the United States. The BP computer indices confirmed that defendant had been removed, deported, and/or excluded on the date indicated on the Warrant of Removal/Deportation, found in defendant's DHS A-File. The BP computer indices further indicated that defendant had not applied for, or obtained from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States.

10. Based on my review of defendant's DHS A-File, I determined that it does not contain any record of his ever receiving from the Attorney General or the Secretary of Homeland Security, permission to re-enter the United States. Based on my training and experience, I know that such documentation is required to re-enter the United States legally after deportation, and that if such documentation existed, it would ordinarily be found in MARJIN LEON's DHS A-File.

## IV. CONCLUSION

11. For all the reasons described above, there is probable cause to believe that defendant has committed a violation of Title 8, United States Code, Sections 1326(a)(2), Illegal Alien Found in the United States Following Deportation.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this 16th day of April 2025.

_____
UNITED STATES MAGISTRATE JUDGE